IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANNON HARRISON, | § | |
| | § | |
| Defendant Below, | § | No. 341, 2023 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. N2206008621 |
| | § | |
| Appellee. | § | |

Submitted: October 4, 2023
Decided: October 17, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On September 20, 2023, the appellant, Shannon Harrison, filed a notice of appeal from his criminal conviction and sentence in this case. Shannon entered a plea of guilty but mentally ill; the Superior Court sentenced him on June 1, 2023. A timely notice of appeal was due on or before July 3, 2023.[1]

---

[1] *See* DEL. SUPR. CT. R. 6(a)(iii) (providing that a notice of appeal must be filed "[w]ithin 30 days after a sentence is imposed in a direct appeal of a criminal conviction"); *id.* R. 11(a) (providing that if a filing deadline falls on a Saturday, Sunday, legal holiday, or other day on which the office of the Clerk is closed, "the period shall run until the end of the next day on which the office of the Clerk is open").

(2)    The Senior Court Clerk issued a notice directing Harrison to show cause why the appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Harrison states that he filed the appeal paperwork as quickly as he could and indicates that he is trying to obtain a more favorable sentence.

(3)    A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4)    Harrison does not contend that the untimeliness of this appeal is attributable to court-related personnel.  He also does not indicate that he told his counsel that he desired to appeal.[6]  In any event, the "jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused in the absence of unusual circumstances which are not attributable to the appellant or the appellant's

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] DEL. SUPR. CT. R. 10(a).

[4] *Burrows v. State*, 2022 WL 1435997 (Del. May 5, 2022).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[6] *See* DEL. SUPR. CT. R. 26(a)(ii) (requiring trial counsel to docket a direct appeal if "the client desires to appeal, whether or not the appeal appears meritorious"); *see also Heller v. State*, 2016 WL 4699158 (Del. Sept. 7, 2016) (dismissing untimely direct appeal despite appellant's assertion in response to the notice to show cause that counsel had told him immediately after sentencing that counsel would file a notice of appeal).

attorney."[7] Because the failure to file a timely appeal in this case is not attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Dixon v. State*, 2019 WL 6769679, at *1 (Del. Dec. 11, 2019) (internal quotations omitted).